JONATHAN B. WILLARD *v.* ELIZABETH WILLARD.

MARRIAGE. *When voidable.* Mutual consent is the basis of the marriage contract, and when this has been given by either party under duress, the marriage is voidable.

Cases cited: McKinney *v.* Clark, 2 Swan, 321; Cole *v.* Cole, 5 Sneed, 57.

FROM WASHINGTON.

Appeal from a decree of the Chancery Court at Jonesboro. Hon. H. C. SMITH presiding.

J. G. DEADERICK for complainant.

E. N. GRIFFITH for respondent.

McFARLAND, J., delivered the opinion of the court.

This bill for divorce was filed the 18th of June, 1872. It charges that in November, 1862, the complainant was, by force and arms, arrested upon the highway by one Jacob Lob, a brother of the defendant, and, under actual duress, forced to submit to the form and ceremony of a marriage with the defendant. That within a few days, as soon as he could escape the duress, he abandoned the defendant and has never lived with her, and has never recognized her as his wife. The bill further charges, that some three months after the marriage the defendant gave birth to an illegitimate child. The prayer is for a divorce, or that the marriage be declared void.

A demurrer was filed, upon the ground that none of the statutory causes for divorce are charged. This demurrer was sustained.

This, we think, was erroneous. The grounds set forth in the statute are made causes for granting a divorce where the marriage had been lawfully solemnized with the consent of the parties, and are either causes then existing or subsequently transpiring.

But, in addition to this, marriage is so far an ordinary civil contract, that its basis is the mutual consent of the parties. If either of the parties are incapable in law of giving consent, the marriage is voidable, as if one party be insane. *Cole* v. *Cole,* 5 Sneed, 57; *McKinney* v. *Clark,* 2 Swan, 321.

It would seem to require no argument to show that a consent given under actual duress obtained by force, is no consent; and although the form of the marriage has been observed, the essence of the contract is wanting.

Let the decree be reversed and the cause remanded for an answer.